UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS BATISTA NUNEZ,

               Plaintiff,

-v.-

KENNETH W. RANTZ, JR., *doing business as* K W RANTZ TRUCKING, and JOHN DOE,

               Defendants.

23 Civ. 8665 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On January 24, 2024, counsel for Defendant Kenneth W. Rantz, Jr. notified the Court that Mr. Rantz had passed away. (Dkt. #15). On February 12, 2024, the Court granted a motion to stay the case pending the appointment of an administrator of Mr. Rantz's estate. (Dkt. #18). In its February 13, 2024 Order, the Court directed Defendants to promptly notify the Court upon the appointment of an administrator. (*Id.*). Neither Plaintiff nor Defendants provided any subsequent updates to the Court. Nor have the parties responded to repeated attempts by the Court's staff to contact them.

    As a result, the Court dismissed Plaintiff's case against Mr. Rantz on September 23, 2025, pursuant to Federal Rule of Civil Procedure 25(a)(1). (Dkt. #19). That left only the John Doe Defendant as a party to this case. In its September 23, 2025 Order, the Court ordered Plaintiff to notify the Court whether it wished to proceed with its case against the John Doe Defendant on or before October 7, 2025. (*Id.*). Plaintiff has neither complied with that Order

or requested an extension. Accordingly, the Court hereby dismisses Plaintiff's case against the John Doe Defendant for failure to comply with court orders.

Courts may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (recognizing federal courts' inherent authority to dismiss for the same reasons). It has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake* v. *Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann* v. *Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Nonetheless, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court considering should weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this case. The Court has not heard from Plaintiff or Defendant in this case in many months. They have not filed anything formally on the docket since February of 2024, and have not responded to the Court's attempts to contact them since earlier this year. Plaintiff is also on notice that failing to respond to Court orders could result in dismissal, as the Court already dismissed Plaintiff's claims against Mr. Rantz for failing to move the Court to substitute a party. Finally, the longer this case drags out, the more the John Doe Defendant will be prejudiced in the action.

Accordingly, the Court DISMISSES this action with prejudice for failure to prosecute and for failure to comply with Court orders. *See Murphy* v. *Spaulding*, No. 20 Civ. 9013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (dismissing case for failure to prosecute after plaintiff neglected to file a

second amended complaint or respond to the Court's show cause order); *Djokovic* v. *U.S. Justice Dep't*, No. 07 Civ. 2608 (SJ), 2008 WL 3200191, at *1-2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez* v. *Catholic Charities of the Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   October 14, 2025
         New York, New York

                                          KATHERINE POLK FAILLA
                                          United States District Judge